UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DESHAUN LAMAR BOUNDS,<br><br>       Plaintiff,<br><br>v.<br><br>RAPHAEL WASHINGTON, *et al.*,<br><br>       Defendants. | Case No. 23-13078<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING EXTENSION OF TIME (ECF NO. 17)**

Plaintiff Deshaun Lamar Bounds, a prisoner under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983. ECF No. 1. Defendants moved to dismiss and for summary judgment in April 2024. ECF No. 14. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 15.

Because Bounds did not respond to defendants' motion, the Court ordered him "to show cause in writing by **August 15, 2024,** as to why the claims against defendants should not be dismissed for the reasons described in their motion to dismiss and for summary judgment" or for failure to prosecute. ECF No. 16, PageID.95. The Court warned that

"[f]ailure to timely respond may result in the Court recommending that this case be dismissed." *Id.*, PageID.96.

On August 20, 2024, Bounds requested an extension to respond to the show cause and defendants' motion, stating that he received late notice of the show cause order. ECF No. 17, PageID.98. He also said that due to insufficient funds, he could not purchase stamps and envelopes to mail a response. *Id.* But he will be paid on August 15 and can respond by September 15, 2024. *Id.*

Because the responsive deadline has passed, the excusable neglect standard applies. Fed. R. Civ. P. 6(b)(1)(B) (excusable neglect standard applies when motion for extension is "made after the time has expired"). To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241-42 (E.D. Ky. 2018). This "Circuit has cautioned that excusable neglect is a strict standard which is met only in extraordinary cases." *Argue v. Burnett*, No. 1:08-CV-186, 2010 WL 1417633, at *2 (W.D.

Mich. Apr. 1, 2010) (cleaned up).  The reason for delay is the most critical factor, and mere error or inadvertence is usually insufficient.  *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017).

The Court questions Bounds' explanation that he had no access to envelopes and stamps because Bounds used an envelope and stamp to request the extension of time.  But his inability to buy supplies until August 15 could also explain his late-filed request.  The Court understands that prisoners have limited resources, and permitting Bounds additional time to respond to the motion would not prejudice defendants and delay the proceedings.

Thus, the Court extends the responsive deadline and **ORDERS** Bounds to respond to defendants' motion to dismiss and for summary judgment by **September 15, 2024**.  If he fails to timely respond, the Court will recommend that this case be dismissed.

**IT IS ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: August 23, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2024.

                                      s/Donald Peruski
                                      DONALD PERUSKI
                                      Case Manager