UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DESHAUN LAMAR BOUNDS,<br><br>Plaintiff,<br><br>v.<br><br>RAPHAEL WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 23-cv-13078<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS
(ECF NO. 14)**

## I.  Introduction

Plaintiff Deshaun Lamar Bounds, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983, claiming that defendants failed to protect him from an assault by another inmate in violation of the Eighth and Fourteenth Amendments.  ECF No. 1.  The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.  Defendants move to dismiss the action.  ECF No. 14.  The Court **RECOMMENDS** that defendants' motion be **GRANTED**.

## II. Background

While already serving a sentence under MDOC's custody, Bounds was transferred on a writ to the Wayne County Jail (WCJ) for trial and sentencing on a new criminal charge in Wayne County Circuit Court. ECF No. 14-1; ECF No. 14-3, PageID.73. Bounds alleges that on September 4, 2023, he was assaulted by Anthony Hodges, another inmate at the WCJ. ECF No. 1, PageID.4-7. Bounds claims that the WCJ was short on staff and had only one deputy assigned to monitor a floor of 60 inmates. *Id.* He sues the following defendants in their official capacities for failure to protect under the Eighth and Fourteenth Amendments: (1) Raphael Washington, the Wayne County Sheriff; (2) Mike Jaafar, the Wayne County Undersheriff;[1] (3) Robert Dunlap, the Chief of Jails; and (4) Antony Boyer, a disciplinary hearing officer. *Id.*, PageID.2-3. Bounds seeks monetary relief and asks the Court to press charges against Hodges. *Id.*, PageID.8.

## III. Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

---

[1] Jaafar's name is misspelled in the complaint as Mike Jamar.

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Bounds sues defendants in their official capacities only, which is not permitted.  See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Such claims must be brought against the county itself.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").  Thus, the Court construes the complaint as a municipal liability action.

Municipal liability arises only if the challenged conduct occurred under the county's "official policy" so that the county's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 692).  A party cannot be liable under § 1983 based on respondeat superior.  *Monell*, 436 U.S. at 691.  "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed."  *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).  Boilerplate, conclusory allegations based on a single incident are not enough to state a plausible claim of municipal

liability.  *Spainhoward v. White Cnty., Tenn.*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019).

Municipal liability can stem from either official or unofficial policies. "Claims based on official policies must identify the policy, connect the policy to the entity itself, and show that the particular injury was incurred because of the execution of that policy." *Savoie v. Oliver*, ___ F. Supp. 3d ___, No. 2:23-cv-11357, 2024 WL 1758263, at *3 (E.D. Mich. Apr. 24, 2024) (quoting *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)) (cleaned up).  To state a claim based on an unofficial policy, a plaintiff must allege, among other factors, "a clear and persistent pattern of illegal activity" and "notice or constructive notice on the part of the defendant."  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (cleaned up); *Savoie*, 2024 WL 1758263, at *4.

Bounds alleges that defendants understaffed the WCJ, creating a threat to inmate safety.  ECF No. 1, PageID.4-7.  But he identifies no official policy or custom of understaffing.  And he pleads no facts showing that the alleged understaffing was a widespread or ongoing issue or that the County had constructive notice of the issue.  At most, Bounds alleges that the WCJ was understaffed on the day he was assaulted.  But "contemporaneous or subsequent conduct" cannot support an unofficial

5

policy theory. *Metris-Shamoon v. City of Detroit*, 545 F. Supp. 3d 506, 521 (E.D. Mich. June 25, 2021) (citing *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011)).

And there can also be no municipal liability without an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). So even if Bounds had asserted his claims against defendants in their individual capacities, he has failed to state a plausible claim that they violated his constitutional rights. Bounds alleges Eighth and Fourteenth Amendment violations. ECF No. 1, PageID.4. The Fourteenth Amendment's Due Process Clause applies to pretrial detainees, while the Eighth Amendment's Cruel and Usual Punishment Clause protects inmates who are serving a sentence. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-401 (2015). Bounds was serving a jail sentence at the time of the assault. ECF No. 14-1; ECF No. 14-2; ECF No. 14-3, PageID.73. Thus, the Eighth Amendment standard applies. *See Kinglsey*, 576 U.S. at 397-400.

Under the Eighth Amendment, "prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To prevail on a deliberate indifference claim, an inmate must satisfy both the objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For

6

the objective component, Bounds must allege that he was "incarcerated under conditions posing a substantial risk of serious harm." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021). The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 914.

Bounds has not pleaded facts supporting the subjective element. "[A] prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011). As discussed, Bounds has alleged no facts showing that defendants were subjectively aware that the WCJ was understaffed, let alone that inmate-on-inmate violence was a problem. *See Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 686 (6th Cir. 2024) (the complaint failed to plead facts showing that the defendants knew of a drug problem at the prison); *Reedy*, 988 F.3d at 914-15 (the defendant lacked personal involvement and subjective knowledge that the plaintiff was at risk of an attack by his cellmate). And although Bounds

7

argues in his response that Hodges had been in multiple fights, he does not allege that defendants were personally aware of Hodges's history of violent behavior.  See ECF No. 19, PageID.108.

Knowledge of a risk to inmate safety may be inferred when the defendants knew that "the plaintiff was a member of an identifiable group of prisoners for whom risk of assault was a serious problem or where the record evidence establishes a pervasive risk of harm proven by an excessive number of assaults."  *Ribble v. Lucky*, 817 F. Supp. 653, 656 (E.D. Mich. 1993) (cleaned up); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 815 (6th Cir.1996)).  A pervasive risk of harm exists if the risk of inmate violence was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past."  *Street*, 102 F.3d at 815 (cleaned up).  But Bounds has pleaded no facts showing either that he is particularly at risk of violence or that the threat of inmate violence was ongoing or pervasive.

Bounds' argument that defendants violated Michigan statutes about jail staffing and housing lacks merit.  See ECF No. 19, PageID.110-111.  Section 1983 provides no redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).  Nor does an alleged failure to

8

comply with an administrative rule or policy constitute a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007).

Thus, Bounds fails to state a plausible claim of municipal liability or that defendants are individually liable for violating his constitutional rights.

## IV. Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 14).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 21, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager
